UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| MARK CULPEPPER, | |
|---|---|
| Petitioner, | |
| v. | Case No. 23-CV-471-JPS |
| JASON BENZEL, | ORDER |
| Respondent. | |

On April 11, 2023, Petitioner Mark Culpepper ("Culpepper") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, along with a motion for stay and abeyance. ECF No. 2. Culpepper indicates that he has four exhausted grounds and five additional grounds for relief that have yet to be exhausted in the Wisconsin Court of Appeals or the Wisconsin Supreme Court. *Id.* He accordingly requests for this case to be stayed while he pursues his unexhausted claims in state court. *Id.*

It is well established that a district court may not adjudicate a habeas petition that contains both claims that have been exhausted and claims that have not been exhausted. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Although a district court may stay a habeas petition and hold it in abeyance while a petitioner exhausts state court remedies, a stay and abeyance "should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Supreme Court noted in *Rhines* that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court

prior to filing his federal petition." *Id.* Federal district courts may issue a stay when: (1) the petitioner demonstrates good cause for failing to exhaust his claims first in state court; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. *Yeoman v. Pollard*, 875 F.3d 832, 837 (7th Cir. 2017) (citing *Rhines*, 544 U.S. at 277–28).

Given this standard, the Court will direct Respondent to file a response to Culpepper's motion for stay and abeyance. Within thirty days of the date of this order, Respondent shall respond to Culpepper's motion for stay and abeyance. Culpepper will be allowed thirty days thereafter to file a reply.

Accordingly,

**IT IS ORDERED** that Respondent file a response to Culpepper's motion for stay and abeyance on or before **June 21, 2023**; Culpepper will be allowed to file a reply brief within thirty days after Respondent's brief is filed.

Dated at Milwaukee, Wisconsin, this 22nd day of May, 2023.

BY THE COURT

_____
J.P. Stadtmueller
U.S. District Judge